UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>D-1 SONJAI POONPANIJ, M.D.,<br>D-2 ATTAULLAH ARAIN,<br>D-3 NADIA ARAIN,<br>D-4 JUDITH RAGASA,<br><br>               Defendants.<br>_____/ | Case:2:12-cr-20603<br>Judge: Tarnow, Arthur J.<br>MJ: Michelson, Laurie J.<br>Filed: 09-11-2012 At 04:58 PM<br>IND USA V SEALED MATTER (EB)<br><br>VIO: 18 U.S.C. § 1349<br>      18 U.S.C. § 1347<br>      18 U.S.C. § 2<br>      18 U.S.C. § 982 |

## INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

### The Medicare Program

1. The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3. The Medicare program included coverage under two primary components, hospital insurance ("Part A") and medical insurance ("Part B"). Part A covered physical therapy,

occupational therapy, and skilled nursing services if a facility was certified by CMS as meeting certain requirements. Part B of the Medicare Program covered the cost of physicians' services and other ancillary services not covered by Part A. The physical therapy, occupational therapy, and other services at issue in this Indictment were covered by Part A and Part B.

4. National Government Services was the CMS intermediary for Medicare Part A in the state of Michigan. Wisconsin Physicians Service was the CMS contracted carrier for Medicare Part B, which included home visits, in the state of Michigan. TrustSolutions LLC was the Program Safeguard Contractor for Medicare Part A and Part B in the state of Michigan until April 24, 2012, when it was replaced by Cahaba Safeguard Administrators LLC.

5. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors.

6. Upon certification, the medical provider, whether a clinic or an individual, was assigned a provider identification number for billing purposes (referred to as a PIN). When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the PIN assigned to that medical provider. When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

7. Health care providers were given and/or provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered and providers were required to maintain patient records to verify that the services were provided as described on the claim form.

8. In order to receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (*e.g.*, a CMS-1500 form or UB-92) containing the required information appropriately identifying the provider, patient, and services rendered.

9. A home health agency was an entity that provided health services, including but not limited to skilled nursing, physical and occupational therapy, and speech pathology services to homebound patients.

### The Home Health Agency

10. Angle's Touch Home Health Care LLC ("Angle's Touch HHC") was a Michigan corporation doing business at 12701 Telegraph Road, Suite 203, Taylor, Michigan 48180. Angle's Touch HHC was a home health agency that purportedly provided in-home physical therapy, occupational therapy, speech pathology, and/or skilled nursing services to patients. Angle's Touch HHC was a Medicare provider and submitted claims directly to Medicare.

### The Physician Business

11. Home Visiting Physicians was a Michigan corporation doing business as Home Physician Services, P.C. ("Home Physician Services") at 17520 West 12 Mile Road, #109, Southfield, Michigan 48076, and was owned by DR. SONJAI POONPANIJ. Home Physician Services was a Medicare provider and submitted claims directly to Medicare.

3

### The Defendants

12. DR. SONJAI POONPANIJ, a resident of Oakland County, Michigan, was a physician licensed in the state of Michigan who was the owner, controller, and manager of Home Physician Services and who referred patients to Angle's Touch HHC.

13. ATTAULLAH ARAIN, a resident of Wayne County, Michigan, was the beneficial owner, controller, and manager of Angle's Touch HHC.

14. NADIA ARAIN, a resident of Wayne County, Michigan, was the owner, controller, and manager of Angle's Touch HHC.

15. JUDITH RAGASA, a resident of Windsor, in the Province of Ontario, Canada, was a registered nurse employed at Angle's Touch HHC and assisted in the operations of Angle's Touch HHC.

### Count 1

### (18 U.S.C. § 1349—Health Care Fraud Conspiracy)

**D-1 DR. SONJAI POONPANIJ**
**D-2 ATTAULLAH ARAIN**
**D-3 NADIA ARAIN**
**D-4 JUDITH RAGASA**

16. Paragraphs 1 through 15 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

17. From in or around July 2010, continuing through the present, the exact dates being unknown to the Grand Jury, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendants, DR. SONJAI POONPANIJ, ATTAULLAH ARAIN, NADIA ARAIN, and JUDITH RAGASA did willfully and knowingly combine, conspire, confederate, and agree with each other and others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health

care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

## Purpose of the Conspiracy

18. It was a purpose of the conspiracy for defendants DR. SONJAI POONPANIJ, ATTAULLAH ARAIN, NADIA ARAIN, and JUDITH RAGASA and others to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes in the forms of cash payments and prescription narcotics to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for physical therapy and other services; (c) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, and the payment of kickbacks; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## Manner and Means

19. The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

20. NADIA ARAIN, with the assistance of a coconspirator—her husband, ATTAULLAH ARAIN—would incorporate Angle's Touch HHC, and maintain a Medicare provider number for Angle's Touch to submit Medicare claims for the cost of physical therapy and other services that were medically unnecessary and were not provided.

5

21. DR. SONJAI POONPANIJ and other physicians would refer patients for physical therapy and other services purportedly provided by Angle's Touch HHC, which were billed to Medicare and which were never provided and were medically unnecessary.

22. ATTAULLAH ARAIN would purchase a building in which DR. SONJAI POONPANIJ would see patients and refer them to Angle's Touch HHC for home health care services.

23. ATTAULLAH ARAIN, NADIA ARAIN, and JUDITH RAGASA and other co-conspirators would assist in managing the day-to-day operations of Angle's Touch HHC, and would assist DR. SONJAI POONPANIJ in referring patients to Angle's Touch HHC for physical therapy and other services that were never provided and were medically unnecessary.

24. JUDITH RAGASA would offer and provide kickbacks, bribes, and other inducements to beneficiary recruiters, who would themselves offer and provide kickbacks, bribes, and other inducements to Medicare beneficiaries who were purported patients of Angle's Touch HHC.

25. JUDITH RAGASA and others would offer and pay kickbacks and bribes in the form of cash and prescription narcotics to Medicare beneficiaries in exchange for their beneficiary information and signatures on paperwork, making it appear that they had received home health services, when in fact, they had not.

26. DR. SONJAI POONPANIJ, ATTAULLAH ARAIN, NADIA ARAIN, and JUDITH RAGASA and other co-conspirators would fabricate and falsify medical documents reflecting or supporting purported physical therapy and other services billed to Medicare that were medically unnecessary and were not provided. Those documents included home health certifications and plans of care, therapy notes, evaluations, recertifications, discharges, and other

6

records for therapy that would be billed to Medicare by Angle's Touch HHC, making it appear that physical therapy and other services had been provided, when in fact, they had not.

27. Angle's Touch HHC would submit claims to Medicare seeking reimbursement for the cost of physical therapy and other services purportedly provided to Medicare beneficiaries by defendant JUDITH RAGASA and others that were not, in fact, rendered.

28. DR. SONJAI POONPANIJ, ATTAULLAH ARAIN, NADIA ARAIN, and JUDITH RAGASA would cause Angle's Touch HHC to submit claims to and receive from Medicare over $1.6 million for the cost of physical therapy and other services.

29. DR. SONJAI POONPANIJ, ATTAULLAH ARAIN, NADIA ARAIN, and JUDITH RAGASA would transfer and disburse, and cause the transfer and disbursement of, monies from the various corporate accounts of Angle's Touch HHC to themselves and others. All in violation of Title 18, United States Code, Section 1349.

### Counts 2–5

### (18 U.S.C. §§ 1347 and 2—Health Care Fraud)

**D-1 DR. SONJAI POONPANIJ**
**D-2 ATTAULLAH ARAIN**
**D-3 NADIA ARAIN**

30. Paragraphs 1 through 29 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

31. On or about the dates enumerated below, at Wayne County and Genesee County, in the Eastern District of Michigan, and elsewhere, DR. SONJAI POONPANIJ, ATTAULLAH ARAIN, and NADIA ARAIN, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in

Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Scheme and Artifice

32. It was the purpose of the scheme and artifice for the defendants and their coconspirators to unlawfully enrich themselves through the submission of false and fraudulent Medicare claims for home health services that were medically unnecessary and not performed.

### The Scheme and Artifice

33. Paragraphs 19 through 29 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution of the Scheme and Artifice

34. On or about the dates specified as to each count below, in Wayne County and Genesee County, in the Eastern District of Michigan, and elsewhere, the defendants, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program:

| Count | Defendant | Medicare Beneficiary | Company Billing | Approximate Date of Service | Description of Items Billed | Amount Paid by Medicare |
|---|---|---|---|---|---|---|
| 2 | D-1 POONPANIJ D-2 A. ARAIN D-3 N. ARAIN | S.M. | Angle's Touch HHC | 3/13/2012 | Physical Therapy, Occupational Therapy, and Skilled Nursing | $4,011.74 |
| 3 | D-1 POONPANIJ D-2 A. ARAIN D-3 N. ARAIN | AL.W. | Angle's Touch HHC | 7/6/2011 | Physical Therapy, Occupational Therapy, and Skilled Nursing | $8,016.18 |
| 4 | D-1 POONPANIJ D-2 A. ARAIN D-3 N. ARAIN | AN.W. | Angle's Touch HHC | 7/6/2011 | Physical Therapy, Occupational Therapy, and Skilled Nursing | $8,016.18 |
| 5 | D-1 POONPANIJ D-2 A. ARAIN D-3 N. ARAIN | L.W. | Angle's Touch HHC | 10/18/2011 | Physical Therapy, Occupational Therapy, and Skilled Nursing | $3,089.07 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## Counts 6–9

**(18 U.S.C. §§ 1347 and 2—Health Care Fraud)**

**D-1 DR. SONJAI POONPANIJ**

35.  Paragraphs 1 through 34 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

36.  On or about the dates enumerated below, at Wayne County and Genesee County, in the Eastern District of Michigan, and elsewhere, DR. SONJAI POONPANIJ, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and

9

willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Scheme and Artifice

37.     It was the purpose of the scheme and artifice for the defendants and their coconspirators to unlawfully enrich themselves through the submission of false and fraudulent Medicare claims for home health services that were medically unnecessary and not performed.

### The Scheme and Artifice

38.     Paragraphs 19 through 29 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution of the Scheme and Artifice

39.     On or about the dates specified as to each count below, in Wayne County and Genesee County, in the Eastern District of Michigan, and elsewhere, the defendant, aided by others, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program:

| Count | Defendant | Medicare Beneficiary | Approximate Date of Service | Description of Items Billed | Amount Billed to Medicare |
|---|---|---|---|---|---|
| 6 | D-1 POONPANIJ | AL.W. | 7/20/2011 | G0181 - PHYS SUPV PT RECV MCR-COVR HOM HLTH | $175.00 |
| 7 | D-1 POONPANIJ | AN.W. | 7/20/2011 | G0181 - PHYS SUPV PT RECV MCR-COVR HOM HLTH | $175.00 |
| 8 | D-1 POONPANIJ | S.M. | 5/19/2011 | G0181 - PHYS SUPV PT RECV MCR-COVR HOM HLTH | $140.00 |
| 9 | D-1 POONPANIJ | M.W. | 3/27/12 | 99350 - HOME VISIT ESTABLISHED PT UNSTABLE / SIGNIFICANT NEW PROBLEM | $175.00 |

In violation of Title 18, United States Code, Sections 1347 and 2.

### Forfeiture Allegations

(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;
18 U.S.C. § 982(a)(7)—Criminal Forfeiture)

40.     The above allegations contained in this Indictment are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981 and 982, and Title 28, United States Code, Section 2461.

41.     As a result of the violation of Title 18, United States Code, Section 1349, as set forth in this Indictment, defendants DR. SONJAI POONPANIJ, ATTAULLAH ARAIN, NADIA ARAIN, and JUDITH RAGASA shall forfeit to the United States any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

42.     As a result of the violations of Title 18, United States Code, Sections 1347 and 2, as set forth in this Indictment, defendants DR. SONJAI POONPANIJ, ATTAULLAH ARAIN,

and NADIA ARAIN shall forfeit to the United States any property, real or personal, that constitutes or is derived from, gross proceeds traceable to the commission of such violations, pursuant to 18 U.S.C. § 982(a)(7).

43. <u>Substitute Assets</u>: If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b) and/or 28 U.S.C. § 2461, to seek to forfeit any other property of the defendants up to the value of the forfeitable property described above.

44. <u>Money Judgment</u>: A sum of money equal to at least $1.6 million in United States currency, or such amount as is proved at trial in this matter, representing the total amount of proceeds obtained as a result of the violations of 18 U.S.C. §§ 1349 and 1347, and representing the total amount involved in the violations as alleged in this Indictment.

THIS IS A TRUE BILL.

s/GRAND JURY FOREPERSON
Grand Jury Foreperson

BARBARA L. MCQUADE
United States Attorney

s/WAYNE F. PRATT
WAYNE F.PRATT
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-2548
wayne.pratt@usdoj.gov

s/GEJAA T. GOBENA
GEJAA T. GOBENA
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Third Floor
Washington, D.C. 20005
(202) 305-1310
(313) 226-0831
gejaa.gobena@usdoj.gov

s/NIALL M. O'DONNELL
NIALL M. O'DONNELL
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Third Floor
Washington, D.C. 20005
(202) 257-3295
(313) 226-9616
niall.odonnell@usdoj.gov

Entered: September 11, 2012

| United States District Court<br>Eastern District of Michigan | **Criminal Case** | Case: 2:12-cr-20603<br>Judge: Tarnow, Arthur J.<br>MJ: Michelson, Laurie J.<br>Filed: 09-11-2012 At 04:58 PM<br>IND USA V SEALED MATTER (EB) |
|---|---|---|



NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form

**Reassignment/Recusal Information**  This matter was opened in the USAO prior to August 15, 2008  [ ]

| **Companion Case Information** | **Companion Case Number:** 12-CR-20269 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** HON. VICTORIA A. ROBERTS |
| ☒ Yes      ☐ No | **AUSA's Initials:** NmO |

**Case Title:** USA v.   D-1 Sonjai Poonpanij, M.D.,
                        D-2 Attaullah Arain
                        D-3 Nadia Arain
                        D-4 Judith Ragasa

**County where offense occurred:** Genesee County & Wayne County, Michigan

**Check One:**      ☒ Felony            ☐ Misdemeanor            ☐ Petty

     X  Indictment/_____Information --- **no** prior complaint.
     ___ Indictment/_____Information --- based upon prior complaint [Case number: ]
     ___ Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____     **Judge:** _____
     ☐  Original case was terminated; no additional charges or defendants.
     ☐  Corrects errors; no additional charges or defendants.
     ☐  Involves, for plea purposes, different charges or adds counts.
     ☐  Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

September 11, 2012
     Date

NIALL M. O'DONNELL
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1301 New York Avenue, N.W.
Washington, DC 20005
Phone: (202) 257-3295
Email: Niall.Odonnell@usdoj.gov
Bar No. DC #991519

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09